**In re McKee and Marjorie BURRUSS, Debtors.**

**Bankruptcy No. 82–00455.**

United States Bankruptcy Court, District of Columbia.

Nov. 26, 1984.

ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Upon consideration of the motion to withdraw filed by counsel for the Debtors, it appears that the grounds set forth in the motion are insufficient in law to support such a motion. Those grounds are:

(a) that the clients refused to accept counsel's advice to convert their case from a Chapter 11 debtor-rehabilitation case to a Chapter 7 liquidation case and (b) that the clients "complained about [counsel's] services." The decision whether to convert a case from Chapter 11 to Chapter 7 is not simply a matter of litigation tactics or strategy; it is a major decision affecting a client's substantial interests. As such, it is a decision for the client to make, not counsel. That clients complain about counsel's services is not a sufficient ground for withdrawal, at least until such complaints have descended to a level of vituperation which prevents counsel from performing his legitimate functions on behalf of the client. *See generally* DR 2–110(C), D.C.Code of Professional Responsibility (listing acceptable grounds for permissive withdrawal).

Moreover, in this case counsel has failed to comply in any respect with Local Rule 3(a) of this Court, incorporating by reference Local Rule 1–4 of the United States District Court for the District of Columbia. That Rule requires either (1) that withdrawal by one attorney be accompanied by (a) the client's written consent and (b) entry of appearance by another attorney on behalf of the client, or (2) that a motion to withdraw be served on all parties and be accompanied by a certificate "listing the client's last known address and stating that the attorney has served upon his client a copy of the motion and a notice advising the client to obtain other counsel, or, if he intends to conduct his case in proper person or to object to withdrawal, to so notify the Clerk in writing within five days of service of the motion upon him." This Court has followed the practice of obligating counsel to file in support of the withdrawal motion a copy of the required notice to the client.

Under Rule 1–4(c)(3), this Court has discretion to deny a motion to withdraw, if "withdrawal would unduly delay trial of the case, be unduly prejudicial to any party, or otherwise not be in the interests of justice." However, exercise of that discretion will not come into play in this case unless and until a motion is filed which sets

416

forth legally sufficient grounds for withdrawal and which complies with all requirements of the Local Rule.

NOW THEREFORE IT IS ORDERED that the motion to withdraw as counsel for the Debtors is DENIED.